67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN HOME ASSURANCE COMPANY, Plaintiff-Appellee,
v.
David COHEN, dba Totem Lake Counseling Service, Defendant
and
Teresa D. Scott; Joseph W. Scott, Defendants-Appellants.
 Nos. 93-35331, 93-35371.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 21, 1995.
Decided Sept. 27, 1995.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In these consolidated appeals for the district court's ruling on cross motions for summary judgment, we address the appropriate remedy in light of the Washington Supreme Court's resolution of the certified questions presented to it by this Court. The parties have filed substitute briefs. The Scotts request that we affirm the district court's ruling, but modify its opinion to exclude reference to a Washington statute that they argue is inapposite to this case. American asks that we remand the case to the district court with instructions to enter a judgment declaring that all of the Scotts' claims against Dr. Cohen involve sexual misconduct and, under the Washington Supreme Court's ruling on the certified questions, are subject to the $25,000 sublimit of the American policy.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We decline both requests the parties raise in their substitute briefs. We affirm the district court's ruling and remand for further proceedings consistent with the Washington Supreme Court's decision.
 
 
 5
 We reject the Scotts' request that we amend the district court's opinion to exclude reference to R.C.W. 48-30-300. Appellate courts review judgments, not opinions. See, e.g., City of St. Louis v. Praprotnik, 485 U.S. 112, 162 n. 13 (1988) (Stevens, J., dissenting) ("But we are reviewing the Court of Appeals' judgment, not its opinion, and however flawed the latter, the former must be sustained if sufficient evidence exists to support ... the verdict actually rendered.") (emphasis in original); see also American Medical Systems v. Medical Engineering Corp., 6 F.3d 1523, 1534 (Fed.Cir.1993) ("[T]his court reviews decisions, not statements in opinions."). The Scotts offer no justification for us to depart from this general rule.
 
 
 6
 We also deny American's request that we remand to the district court with instructions to enter a judgment that all of the Scotts' claims involve sexual misconduct and are therefore subject to the $25,000 sublimit. American did not raise this argument before the district court. Rather, it sought summary judgment based on its theory, since rejected by the Washington Supreme Court on public policy grounds, that liability was limited to $25,000 because the sublimit applied both to claims involving sexual misconduct and to claims involving non-sexual misconduct arising out of the same or a related course of treatment in which an allegation of sexual misconduct was raised.
 
 
 7
 "Generally, an appellate court will not consider arguments not first raised before the district court unless there were exceptional circumstances." In re Professional Inv. Properties of America, 955 F.2d 623, 625 (9th Cir.1992) (citing Villar v. Crowley Maritime Corp., 782 F.2d 1478, 1483 (9th Cir.1986)). This court has identified three instances in which "exceptional" circumstances exist: (1) review is necessary to prevent a miscarriage of justice; (2) a new issue arises while the appeal is pending because of a change in the law; or (3) the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. See id. None of these exceptions apply in this case. Thus, American has waived the argument it presents in its substitute brief.
 
 
 8
 The decision of the district court is AFFIRMED and the matter is REMANDED for further proceedings consistent with the decision of the Washington Supreme Court.
 
 
 
 *
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3